FW 4-5280

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| FUYAN WANG, ) | |
| ) | |
| Petitioner, ) | **4-25CV1247-P** |
| ) | |
| v. ) Case No. [      ] | |
| ) | |
| CONGHUA YAN, ) | |
| ) | |
| Defendant/Respondent. ) | |

## NOTICE OF REMOVAL

COMES NOW, Defendant/Respondent Conghua Yan ("Defendant"), appearing pro se, and removes to this Court the state-court civil action described below under 28 U.S.C. §§ 1331, 1441, and 1446.

### I. The State-Court Action Being Removed

1. This action is a post-divorce enforcement suit captioned FUYAN WANG v CONGHUA YAN, pending in the 360th District Court of Tarrant County, Texas, Cause No. 360-771183-21 ("State Action").

2. After the divorce decree became final, Petitioner filed a new petition titled "PETITION FOR ENFORCEMENT OF PROPERTY DIVISION BY CONTEMPT" and caused a new citation to be issued and served on Defendant on October 6, 2025. The new petition seeks post-judgment relief against Defendant personally and demands coercive turnover of assets in Defendant's employer-sponsored 401(k) retirement plan, which is an "employee pension benefit plan" governed by federal law (ERISA).

3. Because a new petition was filed and Defendant was served with citation, the State Action is a new "civil action brought in a State court" within the meaning of 28 U.S.C. § 1441(a). The new petition does not include the minor child as a party and proceeds only as an enforcement claim against Defendant's ERISA plan; **no child custody, child support, or state interest issues are pled**.

### II. Basis for Federal Question Jurisdiction

4. Federal district courts have original jurisdiction over any civil action "arising under" the laws of the United States. 28 U.S.C. § 1331. A defendant may remove such an action to the United States District Court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

5. In the State Action, Petitioner seeks orders directly related to Defendant's 401(k) retirement plan assets, and seeks to compel distribution of those ERISA-governed funds through a "QDRO" or similar device. The petition seeks to force transfer of ERISA plan assets and to compel conduct concerning those assets.

6. ERISA provides that pension/401(k) plan benefits "may not be assigned or alienated," except through a Qualified Domestic Relations Order that satisfies the statutory requirements. 29 U.S.C. § 1056(d)(1), (d)(3). The relief demanded in the State Action necessarily asks a state court to reach and distribute ERISA-plan assets. The controversy therefore arises under federal law on its face and presents a federal question within the meaning of 28 U.S.C. § 1331.

III. This Removal Does Not Seek to Reopen or Modify the Divorce Decree

10. Defendant does not seek in this removal to obtain a divorce, modify the marital property division, change child-related terms, or otherwise alter the substance of the final decree.

11. The only dispute removed is whether Petitioner may, by post-judgment enforcement tools, compel turnover or distribution of Defendant's ERISA-governed 401(k) assets. The percentage division stated in the divorce decree is not challenged here.

IV. **Procedural Requirements Under 28 U.S.C. § 1446**

15. Timeliness. This Notice of Removal is timely. Defendant was served with citation and the initial pleading in the State Action on October 6, 2025, and files this Notice within 30 days of that service, satisfying 28 U.S.C. § 1446(b). Each defendant has 30 days "after receipt by or service on that defendant of the initial pleading or summons" to remove.

16. Venue. Venue is proper in this Court because the State Action is pending in Tarrant County, Texas, which lies in the Fort Worth Division of the Northern District of Texas. See 28 U.S.C. § 1441(a) (removal must be to "the district court of the United States for the district and division embracing the place where such action is pending").

17. Pleadings Attached. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches the following true and correct copies of "all process, pleadings, and orders" served on Defendant in the State Action:

- Exhibit 1 – Original Petition for Enforcement of Property Division by Contempt (filed Oct. 6, 2025)

- Exhibit 2 – Return/Proof of Service/Citation issued to Conghua Yan (issued Oct. 6, 2025)

- Exhibit 3 – Return/Proof of Service/Show Cause issued to Conghua Yan (issued Oct. 6, 2025)
- Exhibit 4 – **State Court Docket Sheet** (printed Oct. 27, 2025)
- Exhibit 5 – First Writ of Garnishment in prior case.
- Exhibit 6 – Second Writ of Garnishment in prior case.

18. Notice to State Court and Parties. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice in this Court, Defendant will file a Notice of Filing of Notice of Removal in the 360th District Court of Tarrant County, Texas in Cause No. 360-771183-21, and will serve Petitioner's counsel (or Petitioner, if pro se).

19. Effect of Removal. Under § 1446(d), filing this Notice in federal court and providing notice to the state court divests the state court of any further power over the removed ERISA-governed claims unless and until this case is remanded.

## V. Prayer

Defendant respectfully requests that this Court:

a. Docket this action as a removed civil action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446;

b. Exercise original federal-question jurisdiction over the claims directed at Defendant's ERISA-governed 401(k) plan assets;

c. Proceed with this matter under the above authority; and

d. Grant Defendant any further relief to which he is entitled at law or in equity.

Respectfully submitted,

/s/ Conghua Yan

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2025, I served a true and correct copy of this Notice of Removal, with all exhibits, on all counsel of record (or on Petitioner, if pro se) by Texas e-filing system through efiletx.tylertech.cloud, email, and/or certified mail, return receipt requested], and I filed a Notice of Filing Notice of Removal in the 360th District Court of Tarrant County, Texas in Cause No. 360-771183-21, as required by 28 U.S.C. § 1446(d).

*/s/ Conghua Yan*
Conghua Yan

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fuyan Wang

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cody Woods Martin

## DEFENDANTS
Conghua Yan

County of Residence of First Listed Defendant: Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1441, 1446, ERISA § 502(a)(3)(29 U.S.C. § 1132(a)(3)) and 29 U.S.C. § 1056(d)(3)

Brief description of cause:
New civil action filed in a state court; Federal district courts have original jurisdiction under ERISA § 502(a)(3) to preempt any anti-alienation violatic

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE: Mark Pittman
DOCKET NUMBER: 4:23-CV-00758-P-BJ

DATE: Jul 21, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed From State Court

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   | --- | --- |
   | 360TH District Court, Tarrant County, Texas | 360-771183-25 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   | --- | --- |
   | Petitioner Fuyan Wang | Cody Woods Martin; Erika Vieyra Patino |
   | Defendant Conghua Yan | |
   | | |
   | | |
   | | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    ☐ Yes    ✔ No

   If "*Yes,*" by which party and on what date?

   _____     _____
   Party                                                                Date

4. **Answer:**

   Was an Answer made in State Court?   ☐ Yes   ☑ No

   If "*Yes*," by which party and on what date?

   _____      _____
   Party                                 Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Fuyan Wang | Compel Conghua Yan to transfer retirement 401(k) fund. Hold Yan in criminal contempt confinement up to 18 months in jail total until Yan transferred the retirement 401(k) fund. |