IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FUYAN WANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-1247-P |
| | § | |
| CONGHUA YAN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING REMAND**

On November 4, 2025, Defendant Conghua Yan ("Defendant") removed this case from the 360th District Court, Tarrant County, Texas, Cause No. 360-771183-25 [doc. 1]. Having reviewed the Notice of Removal and the state court papers attached thereto, the Court **RECOMMENDS** that the case be **REMANDED**. As set forth below, this Court finds remand is appropriate due to the principles of comity and federalism.

Federal courts should abstain from hearing "cases involving state contempt proceedings." *Kolwe v. Civil & Structural Engineers, Inc.*, 858 Fed. Appx. 129, 132 (5th Cir. 2021) (citing *See Juidice v. Vail*, 430 U.S. 327, 335-37 (1977)). This is true whether the proceeding "is labeled civil, quasi-criminal, or criminal." *Juidice*, 430 U.S. at 335–36. Federal court "interference with the [state] contempt process not only unduly interferes with the legitimate activities of the State, but also can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles." *Id.* at 336 (internal quotation marks and citations omitted). A federal court should abstain from hearing a state contempt proceeding, so long as, the litigants have "'*an opportunity* to present their federal claims in the state proceedings.'" *See Daves v. Dallas Cnty., Tex.*, 64 F.4th 616, 629 (5th Cir. 2023), cert. denied, 144 S. Ct. 548, 217 L. Ed. 2d 292 (2024)

1

(emphasis in the original) (quoting *Juidice*, 430 U.S. at 337)). No more is required to invoke abstention. *Juidice*, 430 U.S. at 337.

In this case, Defendant has removed a state court contempt proceeding. (*See* Index of State-Court Documents at 3.) In Texas, contempt proceedings "have been characterized as quasi-criminal proceedings which should conform as nearly as practicable to those in criminal cases." *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983). As such, "Texas courts have consistently held that alleged constructive contemnors are entitled to procedural due process protections before they may be held in contempt." *Id*. These protections include reasonable notice, the right to the assistance of counsel, the sixth amendment right to a jury trial for serious contempt, the fifth amendment right against self- incrimination, and importantly for our purposes a "hearing on [the] merits of [the] charge with [the] right to present defenses and explanations." *Id.* at 420 n.2. As set forth above, a federal court should abstain from hearing a state contempt proceeding, so long as, the litigants have "'*an opportunity* to present their federal claims in the state proceedings.'" *See Daves*, 64 F.4th at 629 (quoting *Juidice*, 430 U.S. at 337). Since the Defendant will have an opportunity to present any federal defense during a "hearing on [the] merits of [the] charge" in the contempt proceeding abstention is appropriate. *See id*; *see also Ex parte Johnson*, 654 S.W.2d at 420 n.2. Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **REMANDED** to the 360th District Court, Tarrant County, Texas,

**NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until December 9, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 25, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3