FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| FUYAN WANG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:25-cv-01247-P |
| CONGHUA YAN, | ) |
| Defendants/Respondent. | ) |

# DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING REMAND/ABSTENTION

TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 2

TABLE OF AUTHORITIES .......................................................................................................... 2

I.     INTRODUCTION ................................................................................................................ 4

II.    SUMMARY OF THE FCR .................................................................................................. 4

III.   ERISA COMPLETE PREEMPTION ESTABLISHES FEDERAL JURISDICTION ........... 5

IV.    OBJECTION 1: MISCHARACTERIZATION AS CONTEMPT ONLY ............................. 7

V.     OBJECTION 2: ABSTENTION-BASED REMAND IS STATUTORILY UNAUTHORIZED ................................................................................................................ 9

VI.    OBJECTION 3: QDRO IMPLEMENTATION AND ERISA APPLICATION .................. 13

VII.   OBJECTION 4: INADEQUACY OF STATE CONTEMPT FORUM ............................... 15

VIII.  CONCLUSION AND REQUESTED RELIEF .................................................................. 17

CERTIFICATE OF SERVICE ..................................................................................................... 19

TABLE OF AUTHORITIES

Cases

*ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518 (5th Cir. 2013) (en banc) .................................. 5

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ............................................................................ 5

*Arana v. Ochsner Health Plan, Inc.*, 338 F.3d 433 (5th Cir. 2003) (en banc) ........................... 5, 14

*BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466 (5th Cir. 2012) ........................................... 10

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009) ............................................................. 9

*Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.*, No. 23-60296, 2024 WL 886951 (5th Cir. Mar. 1, 2024) ................................................................................................................................ 10

*Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 1992) ...................................................... 5

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ................................ 8

*Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191 (3d Cir. 2002) ....................................... 12

*E-Systems, Inc. v. Pogue*, 929 F.2d 1100 (5th Cir. 1991) ................................................................ 5

*Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437 (9th Cir. 1990) .......................................................... 5

*FMC Corp. v. Holliday*, 498 U.S. 52 (1990) ................................................................................... 5

*Franchise Tax Bd. v. Laborers Vacation Tr.*, 463 U.S. 1 (1983) ..................................................... 5

*Goff v. Taylor*, 706 F.2d 574 (5th Cir. 1983) ................................................................................... 5

*Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891 (5th Cir. 2023) ......................................... 5

*Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (en banc) ............................................... 12

*Guttman v. Khalsa*, 446 F.3d 1027 (10th Cir. 2006) ..................................................................... 12

*Hogan v. Kraft Foods*, 969 F.2d 142 (5th Cir. 1992) .................................................................... 15

*In re Erica Blumenthal*, No. 01-21-00130-CV, 2021 WL 4926896 (Tex. App.—Houston [1st Dist.] Oct. 19, 2021, orig. proceeding) (mem. op.) ................................................................. 15
*In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626 (Tex. App.—El Paso 2016, orig. proceeding) .......... 15
*In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105 (Tex. App.—El Paso May 30, 2014, orig. proceeding) ................................................................................................................. 15
*Johnson v. Clark*, No. 07-11-00122-CV, 2011 WL 5118775 (Tex. App.—Amarillo Oct. 28, 2011, no pet.) (mem. op.) ......................................................................................................... 15
*Juidice v. Vail*, 430 U.S. 327 (1977) ................................................................................. 6, 11, 15
*Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277 (N.D. Ga. 2003) ................................................. 10
*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009) .................................... 14
*Kolwe v. Civil & Structural Eng'rs, Inc.*, 858 F. App'x 129 (5th Cir. 2021) .............................. 6, 8, 11
*Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471 (1977) ........................................................ 12
*Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986) ............................... 9
*Passa v. Derderian*, 308 F. Supp. 2d 43 (D.R.I. 2004) .................................................................... 9
*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ................................................................. 9
*S.G. Phillips Constructors, Inc. v. City of Burlington*, 45 F.3d 702 (2d Cir. 1995) ............................ 9
*Ex parte Johnson*, 654 S.W.2d 415 (Tex. 1983) ............................................................................ 6

Statutes

28 U.S.C. § 1331 ............................................................................................................................. 6
28 U.S.C. § 1441(b) ........................................................................................................................ 6
28 U.S.C. § 1447(c) .................................................................................................................... 9–10
28 U.S.C. § 1447(d) ...................................................................................................................... 10
28 U.S.C. § 2283 .......................................................................................................................... 12
29 U.S.C. § 1056(d)(3) ................................................................................................................. 17
29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)) ......................................................................... 5, 9
29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)) .................................................................................. 15
29 U.S.C. § 1132(e)(1) .................................................................................................................. 13
29 U.S.C. § 1144(a) (ERISA § 514(a)) ............................................................................................. 5
29 U.S.C. § 1144(b)(2)(A) (ERISA § 514(b)(2)(A)) ........................................................................... 5

Other Authorities

Erwin Chemerinsky, Federal Jurisdiction § 13.3 (8th ed. 2021) ................................................... 12
Martin H. Redish, The Anti-Injunction Act, 28 U.S.C. § 2283, and the Problem of Federal-State Judicial Coordination (1977) ....................................................................................... 12
Daniel C. Norris, The Final Frontier of Younger Abstention: The Judiciary's Abdication of the Federal Court Removal Jurisdiction Statute, 31 Fla. St. U. L. Rev. 193 (2003) ............................ 12

Defendant Conghua Yan ("Defendant" or "Yan") files these Objections to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") entered November 25, 2025, recommending remand of this removed action, and states:

## I.  INTRODUCTION

The FCR recommends remand on abstention grounds, characterizing this matter as a "state court contempt proceeding" and concluding that, under *Juidice v. Vail* and related authority, federal courts should abstain from "cases involving state contempt proceedings" where the contemnor has an opportunity to raise ERISA Act issues in state court.

Those premises are incomplete and legally erroneous as applied here. The removed pleading is not a stand-alone contempt motion but an ERISA Act enforcement-and-implementation petition that, on its face, seeks **forward-looking** ERISA-governed relief (including compelled retirement-plan disbursement, compelled provision of QDRO-related information, paying attorney fees, expenses, and costs, **directly** to the *undersigned attorney* Cody W. Martin and Erika Patino), and, in the alternative, a new clarifying order precisely because the decree is "**not specific enough to be enforced by contempt**." Substantively, the petition requires the state court to determine, clarify, and implement rights under an ERISA-governed plan, not merely adjudicate whether Defendant violated a definite, presently-enforceable order.

Because the FCR's abstention analysis rests on this mischaracterization and does not account for the substance of the relief sought or the ERISA complete-preemption framework set out in Section III, its recommendation to remand is unsound. The specific reasons for this error—mischaracterization of the petition, ERISA/QDRO implementation issues, the adequacy of the state forum, and the limits of abstention and *§ 1447(c)*, are developed in Sections II through VII below.

## II.  SUMMARY OF THE FCR

The FCR notes that Yan removed this case on November 4, 2025, from the 360th District Court, Tarrant County, Texas, and that the Court has reviewed the Notice of Removal and the attached state-court papers. It concludes that "remand is appropriate due to the principles of comity and federalism."

Relying on unpublished *Kolwe v. Civil & Structural Engineers, Inc.*, 858 F. App'x 129 (5th Cir. 2021), premised on a federal removal of a **motion** for comtempt filed in state court, and *Kolwe*'s application of *Juidice v. Vail*, 430 U.S. 327 (1977), the FCR asserts that federal courts "should abstain from hearing 'cases involving state contempt proceedings,'" regardless of whether the contempt is labeled civil, quasi-criminal, or criminal, so long as the litigants have "an opportunity to present their federal claims in the state proceedings."

The FCR then (1) states that "Defendant has removed a state court contempt proceeding," citing the Index of State-Court Documents; (2) describes Texas contempt proceedings as "quasi-criminal" and notes Texas law requiring notice, counsel, jury rights for serious contempt, the privilege against self-incrimination, and a hearing on the merits of the charge with the right to present defenses and explanations (citing *Ex parte Johnson*, 654 S.W.2d 415 (Tex. 1983)); and (3) concludes that, because Yan will have a hearing on the merits of the contempt charge at which he can **present** defenses, including **federal defenses**, abstention is appropriate and the case should be remanded.

### III.    ERISA COMPLETE PREEMPTION ESTABLISHES FEDERAL JURISDICTION

ERISA preemption fundamentally places this removal's legal analysis on a distinct footing. ERISA's preemption clause is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). It is "virtually unique," *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 25 n.26 (1983), "one of the broadest pre-emption clauses ever enacted by Congress." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990). As the Fifth Circuit has explained, "if Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character,' … claims seeking relief within the scope of ERISA § 502(a)(1)(B) are completely preempted." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc).

"ERISA grants federal courts exclusive jurisdiction separate and apart from its articulation of causes of action." *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013). "ERISA § 514(b)(2)(A) must be interpreted in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217 (2004). "ERISA preempts state law, 29 U.S.C. § 1144(a)." *Goff v. Taylor*, 706 F.2d 574, 587 (5th Cir. 1983). The Fifth Circuit has further held that "[t]he preemptive scope of ERISA is 'intended

to apply in the broadest sense in all actions of State or local governments which have the force of law'" and that "[t]he pre-emption clause … establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *E-Systems, Inc. v. Pogue*, 929 F.2d 1100, 1103 (5th Cir. 1991).

The phrase "relate to" "express[es] a broad pre-emptive purpose," and a state law may "relate to" a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891, 904 (5th Cir. 2023). The Fifth Circuit has squarely rejected the notion that "laws of general applicability" escape the broad "sweep of the 'relating to' [ERISA] language," and has emphasized that the Supreme Court's interpretation "compels ours." *Id*. Likewise, the Fifth Circuit has noted that preempted state law includes "any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218–19 (5th Cir. 1992).

Applied here, the removed petition squarely "relates to" an ERISA-governed plan and seeks relief within ERISA's civil-enforcement scheme. As detailed in Objection 1 and Objection 3, the petition asks the state court to: (1) order immediate processing of disbursement from Defendant's US Bank retirement plan by a date certain; (2) compel Defendant to provide information required to complete a QDRO so that the ERISA plan will recognize and pay a claimed interest; (3) enter a clarifying order when the existing decree is "not specific enough to be enforced by contempt," thereby defining future rights and obligations under the plan; and (4) award attorney's fees, expenses, and costs **directly to counsel** based on enforcement of the retirement-plan division and QDRO-related obligations. Requests for attorney's fees to be paid out of, or in connection with, the ERISA plan are part of an ERISA **§ 502** claim and therefore fall within ERISA jurisdiction and complete preemption, not purely state jurisdiction.

These requested remedies are not limited to backward-looking contempt sanctions. They seek forward-looking adjudication, clarification, implementation, and monetization of rights under an ERISA-governed plan. Under the authorities above, such claims are completely preempted by ERISA *§ 502(a)*, are necessarily federal in character, and fall within federal-question jurisdiction under *28 U.S.C. §§ 1331* and *1441(b)*. The FCR's failure to apply this ERISA preemption and

complete-preemption framework, and its treatment of the petition as if it were a purely state contempt matter, is a threshold jurisdictional error.

### IV.     OBJECTION 1: MISCHARACTERIZATION AS CONTEMPT ONLY

The FCR's foundational statement that "Defendant has removed a state court contempt proceeding" is incomplete and inaccurate. The actual state-court petition combines enforcement with forward-looking implementation and alternative clarification of retirement-plan provisions, paying related attorney fees, expenses, and costs, directly to the undersigned attorney, as shown by its prayer for relief. ERISA's anti-alienation provision is not a **federal defense**.

In the "Requested Relief" section, the movant does not merely ask for findings of contempt and punishment. Instead, she asks the court to:

- "FIND that Respondent failed to comply with the court order [and] take the necessary action to effectuate the agreement of the parties and the orders of this Court," and to find that Respondent's conduct has deprived her of "court-awarded property"; (*29 U.S.C. § 1132 declaratory relief*).
- enter an order "directing Respondent to immediately process the disbursement of the retirement plan by a date certain"; (injunctive relief)
- enter an order "directing Respondent to immediately provide the required information to complete the QDRO (see Exhibit A)"; (*29 U.S.C. § 1132 injunctive relief*).
- enter an order that "Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney" (Cody W. Martin and Erika Patino)(*§ 502(g) relief*).
- then, in addition, to hold Respondent in criminal contempt (jail and fine) and civil contempt (confinement until compliance); and (state general relief and *29 U.S.C. § 1132* relief).
- if the court finds that "any part of the order sought to be enforced is not specific enough to be enforced by contempt," to "enter a clarifying order" restating the decree "in a manner specific enough to allow enforcement by

contempt" and specifying a reasonable compliance deadline. (*§ 502(a)* claim).

On its face, therefore, the petition seeks:

1. Coercive ERISA-related implementation orders (immediate processing of retirement-plan disbursement; immediate provision of information to complete the QDRO); (*29 U.S.C. § 1132*)

2. Attorney's fees, expenses, and costs to be paid **directly** to the attorney under *§ 502(g)* rather than to the party. (*29 U.S.C. § 1132*)

3. Alternative *§ 502(a)* clarification because decree may be **too vague to support contempt**; and

4. Criminal and civil contempt sanctions.

Moreover, there is no existing QDRO to enforce. The petition clearly stated that, under the decree, the ERISA-governed plan "division to be effectuated using a Qualified Domestic Relations Order signed by the Court," and the Defendant "*shall be 100 percent responsible for the cost of preparation of the Qualified Domestic Relations Order. Petitioner shall be responsible for 100 percent of any fees charged by the plan administrator for review of the Qualified Domestic Relations Order*." As of today, no QDRO has been signed by the state court, and no costs or fees have been incurred. Accordingly, there is no possibility of enforcement because the subject matter of any enforcement, a signed QDRO or an incurred fee, does not exist. This confirms that the proceeding cannot be characterized as a "contempt proceeding" in the *Juidice* sense; one cannot hold a party in contempt for violating an order that does not yet exist.

This is alternative pleading that centers on implementation, clarification of ERISA-governed plan rights, and collecting professional service fees from underlying actions, with contempt as a requested enforcement mechanism, not a stand-alone "quasi-criminal" contempt proceeding of the type discussed in *Juidice*.

By focusing only on the contempt aspect and ignoring the implementation, clarification and fees awarding relief actually requested, the FCR mischaracterizes the nature of the removed proceeding. That mischaracterization undermines the entire abstention analysis, which assumes that this is simply a state contempt case "involving the state contempt process," rather than a civil

action to determine and implement rights to ERISA-governed plan benefits between private parties and to siphon service fees directly to a non-party.

Because the removed petition, on its face, seeks **prospective** and **monetary** relief that is completely preempted by ERISA § 502(a), it constitutes a "civil action … arising under the … laws … of the United States" within the meaning of *28 U.S.C. §§ 1331* and *1441(b)*, not a non-removable "state contempt proceeding." See *Arana v. Ochsner Health Plan, Inc.*, 338 F.3d 433, 438–40 (5th Cir. 2003) (en banc) (complete-preemption inquiry looks to the substance of the relief sought, not the label). For the broader preemption framework and its jurisdictional consequences, Defendant incorporates by reference Section III, *supra*.

*Younger*-type abstention in "cases involving state contempt proceedings" presupposes that the core state interest is the exercise of the state's own contempt power to vindicate the authority of its courts. Here, the core issues are (a) what the decree actually requires regarding an ERISA-governed plan, (b) whether new clarifying orders will be entered, and (c) whether Defendant can be compelled to take specific ERISA-related steps. That is fundamentally different from the scenario in which a federal plaintiff seeks to interfere with a state court's contempt process itself.

The detailed *Juidice/Kolwe* analysis and case distinctions are developed in Section V (Objection 2), *infra*.

The FCR's failure to integrate the ERISA preemption and complete-preemption principles summarized in Section III confirms that its threshold characterization of this proceeding is legally flawed.

V. **OBJECTION 2: ABSTENTION-BASED REMAND IS STATUTORILY UNAUTHORIZED**

Moreover, even if the Court concluded that a form of *Younger/Juidice* abstention could apply despite the claims seeking relief within the scope of ERISA § 502(a)(1)(B) and the complete-preemption character of the claims, the FCR does not explain why remand, rather than a stay or dismissal without prejudice, is the correct statutory authorized remedy in a removed case where federal jurisdiction otherwise exists.

Invoking *Younger* abstention is an exercise of jurisdiction informed by prudent. *Younger* abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton*

*Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). Abstention doctrines "are not jurisdictional in nature" and "presume that proper jurisdiction otherwise exists." *Passa v. Derderian*, 308 F. Supp. 2d 43, 57 (D.R.I. 2004) (quoting *S.G. Phillips Constructors, Inc. v. City of Burlington*, 45 F.3d 702, 708 (2d Cir. 1995)); see also *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("whether a court has subject-matter jurisdiction over a claim is **distinct** from whether a court chooses to exercise that jurisdiction"). And the Supreme Court has held that an abstention-based remand "is not based on lack of subject matter jurisdiction or defects in removal procedure" within the meaning of *§ 1447(c)*. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). By its terms, *§ 1447(c)* authorizes remand only when the district court lacks subject-matter jurisdiction or when there is a timely raised defect in the removal procedure; prudential abstention does not fall within either category. Thus, *Younger* abstention is a prudential limitation on the exercise of jurisdiction, not a determination that jurisdiction is lacking, and it does not itself trigger *§ 1447(c)*.

The petition expressly sought attorney's fees entitlement as a prevailing party. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996), the Supreme Court held that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." Where the relief sought derives from a mandatory legal entitlement, rather than the court's equitable discretion, abstention may support a stay, but not dismissal or remand. The critical inquiry is whether the underlying right being enforced is legal or equitable in nature.

The affirmative relief sought in this action is attorney's fees related to the enforcement of benefits from an ERISA-governed retirement plan. ERISA's anti-alienation clause, *29 U.S.C. § 1056(d)(1)*, generally prohibits the assignment or alienation of pension benefits, but creates a mandatory exception for qualified domestic relations orders. Attorney's fees under ERISA § 502(g)(1) are sought to vindicate this mandatory statutory right. The fees do not exist as a freestanding equitable remedy; they are incidental to the enforcement of a legal entitlement to plan benefits. Because the underlying right, payment of QDRO benefits, is mandatory and non-discretionary, the attorney's fees sought to enforce that right partake of the same legal character. The "relief being sought" under *Quackenbush* must be evaluated by reference to the nature of the underlying entitlement, not merely the label attached to ancillary remedies.

In *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012), the Fifth Circuit held that "the [§ 1447(c)] statutory language is unambiguous, and therefore **must** be enforced according to its terms." Section *1447(c)* permits sua sponte remands only for lack of subject-matter jurisdiction; remands based on procedural defects or abstention principles, absent a timely motion, fall outside *§ 1447(c)* and are reviewable on appeal. Because *§ 1447(d)* does not prohibit review of remands based on abstention principles, such remands are appealable. See *Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.*, No. 23-60296, 2024 WL 886951 (5th Cir. Mar. 1, 2024).

In any event, no party timely moved for remand on any "defect other than lack of subject-matter jurisdiction," rendering the first sentence of *§ 1447(c)* inapplicable. Remand at this stage is authorized **only** if the Court actually lacks subject-matter jurisdiction. Because *Younger*/*Juidice* abstention does not divest jurisdiction and the FCR identifies no jurisdictional defect, relying exclusively on abstention and comity principles and disregarding the ERISA complete-preemption framework, *§ 1447(c)* furnishes no valid statutory basis for the FCR's recommended remand.

Additionally, *Younger* abstention was developed for **original** federal actions that would interfere with separate ongoing original state proceedings, not for removed petition where the state proceeding itself has been transferred into federal court. Federal removal action is distinguishable, after removal, there is no separate, parallel state action for the Court to "abstain" in favor of, and at least one court has held that by removing, defendants **waive** *Younger* altogether. See *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277, 285 (N.D. Ga. 2003).

In any event, neither *Juidice* nor *Kolwe* compels abstention on the facts and posture of this case. Both decisions arise from settings involving state contempt proceedings where the federal court was asked to solely interfere with the state court's use of its contempt power, no federal preemption framework was involved.

In *Juidice v. Vail*, the plaintiffs filed an original *§ 1983* action in federal court seeking to enjoin and invalidate New York's contempt procedures while state contempt proceedings were already pending against them. The Supreme Court's comity analysis depended on the **existence** of those **ongoing** state proceedings and on the State's sovereign interest in using its own contempt process to enforce its orders. *Juidice* did not involve a removed case in which the proceeding

before the federal court was itself the state proceeding. Ongoing state proceeding existed in *Juidice* case.

*Kolwe* involved removal of a discrete, post-judgment "**Motion** to Enforce Judgment and for Civil Contempt" that functioned solely as a mechanism for the state court to police compliance with its own prior judgment. The federal court was asked to decide, in effect, whether the state court could use its contempt power to enforce that judgment. No federal claim was involved in *Kolwe* case.

By contrast, the pleading removed here is not a stand-alone contempt motion but an original petition that, on its face, seeks (1) clarification of the decree's retirement-plan provisions precisely because they are "not specific enough to be enforced by contempt," (2) forward-looking ERISA implementation orders compelling specific conduct relating to an ERISA-governed plan, and (3) monetary relief related to the scope of ERISA *§ 502(a)(1)(B)*. Contempt is pled as one possible enforcement mechanism, not as the exclusive or primary relief. Read together with Section III's preemption analysis, these features confirm that this removed action is a federal-question case, not a non-removable state contempt proceeding.

*Kolwe*'s non-removability rationale is therefore at its strongest where the removed paper is nothing more than a vehicle for the state court's contempt power. Where, as here, the removed pleading asserts substantive civil claims requiring interpretation, clarification, and implementation of ERISA-governed rights between private parties, the proceeding is materially different from the narrow, post-judgment contempt motion in *Kolwe*, and the case does not fit within the core "state contempt proceeding" category that *Juidice* and *Kolwe* address.

Scholarly commentary has likewise criticized the extension of *Younger* abstention to removed cases on the ground that, once the state proceeding has been removed, there is no longer a separate, ongoing state proceeding for the federal court to defer to, and abstention becomes conceptually misaligned with *Younger*'s original rationale. See [Daniel C. Norris, *The Final Frontier of Younger Abstention: The Judiciary's Abdication of the Federal Court Removal Jurisdiction Statute,* 31 Fla. St. U. L. Rev. 193, 219 (2003)](#) (describing the application of *Younger* in the removal context as a "dangerous, questionable, and important" development)[1].

---

[1] Other scholars and cases that make essentially the same point include: (1) [Erwin Chemerinsky, Federal Jurisdiction § 13.3 (8th ed. 2021)](#) (criticizing extension of *Younger* to removed cases); (2) [Martin H. Redish, The Anti-Injunction

Moreover, *Younger* abstention is a prudential doctrine rooted in comity and federalism that presupposes jurisdiction and may be waived when the parties voluntarily submits to federal jurisdiction or fails to invoke it. See, e.g., *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977); *Guttman v. Khalsa*, 446 F.3d 1027, 1034–35 (10th Cir. 2006). Here, Plaintiff has neither appeared nor sought abstention, and the FCR raises comity concerns *sua sponte* without explaining why those prudential interests override the parties' apparent waiver or why they mandate remand rather than, at most, a stay or dismissal without prejudice.

Accordingly, because Plaintiff's claims seek attorney's fees incurred in enforcing a statutory legal right to plan benefits, a right that is mandatory, not discretionary, this Court may stay the action if abstention principles apply, but it may not remand or dismiss under *Quackenbush*.

## VI. OBJECTION 3: QDRO IMPLEMENTATION AND ERISA APPLICATION

As explained in Sections II and V, the petition seeks coercive implementation orders, alternative clarification, contempt sanctions, and monetary relief in the form of attorney's fees, expenses, and costs to be paid directly to counsel, all arising from the enforcement of Defendant's US Bank retirement plan division. Because the petition seeks to compel disbursement of an ERISA retirement plan, to compel Defendant to provide information needed to draft and implement a QDRO, and to shift plan-related enforcement fees directly to the attorneys, and because it acknowledges that the existing decree may be "**not specific enough to be enforced by contempt**," the proceeding necessarily requires determining and implementing rights under an ERISA-governed plan and allocating related monetary relief.

1. **Compelling disbursement of an ERISA plan by court order.**

    The requested order directing Defendant to "immediately process the disbursement of the retirement plan by a date certain" asks the court to require Defendant to take specified steps so that the plan will pay benefits on a particular schedule. This is not merely a backward-looking determination of whether Defendant violated a clear,

---

Act, 28 U.S.C. § 2283, and the Problem of Federal-State Judicial Coordination (1977); (3) Some circuits (notably the Ninth and Third) have expressly rejected Younger remand in removed civil-rights cases for this reason (e.g., *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (en banc); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 3d Cir. 2002), held that removal vests exclusive federal jurisdiction, rendering abstention "conceptually misaligned" since no separate state proceeding persists).

existing obligation; it is a forward-looking directive governing how and when ERISA plan benefits are to be paid.

2. **Compelling QDRO-related information and implementation.**

    The petition also seeks an order directing Defendant to "immediately provide the required information to complete the QDRO (see Exhibit A)." In the context of a divorce decree that awarded Plaintiff a percentage interest in an ERISA plan and contemplated that the division would be "effectuated using a Qualified Domestic Relations Order signed by the Court," compelling one party to provide new QDRO information and take steps to "effectuate" the division is, in substance, asking the court to participate in the creation and implementation of a QDRO that will govern the plan's obligations.

    This is not enforcing an existing QDRO. This is drafting/compelling one for the first time. Federal jurisdiction over such claims is not merely proper, it is exclusive. 29 U.S.C. § 1132(e)(1).

3. **Alternative clarification because the decree is too vague.**

    The petition acknowledges that the existing decree may be "**not specific enough to be enforced by contempt**" and asks, in that event, for a new clarifying order restating the decree "in a manner specific enough to allow enforcement by contempt" and imposing a compliance deadline. That is not a mere interpretive gloss; it is a request for a new, more specific order that will define the parties' obligations regarding the retirement plan going forward.

4. **Attorney's fees, expenses, and costs tied to ERISA-plan enforcement.**

    The petition further seeks an order that "Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney." Those fees and costs are expressly sought in connection with enforcing the retirement-plan division and QDRO-related obligations. As such, the requested monetary relief "relates to" the ERISA-governed plan and is part of the same substantive controversy over plan benefits, QDRO implementation, and the economic consequences of enforcing those rights. To the extent Petitioner seeks attorney's fees tied to the administration, distribution, or allocation of benefits

under the ERISA-governed plan, those fee claims arise, if at all, under ERISA § 502 and are within ERISA's civil-enforcement scheme, not as a stand-alone state enforcement matter.

These elements place the proceeding squarely in the realm of determining, enforcing, clarifying, and monetizing rights under an ERISA-governed plan, relief that fits within ERISA's civil-enforcement scheme and complete-preemption framework. The fact that the movant also requests contempt sanctions as an enforcement tool does not convert the entire proceeding into the kind of state quasi-criminal contempt action at issue in *Juidice*.

See *Arana v. Ochsner Health Plan, Inc.*, 338 F.3d 433, 438–40 (5th Cir. 2003) (en banc) (any claim that duplicates, supplements, or supplants ERISA civil-enforcement remedies is completely preempted); *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300–01 (2009) (only a QDRO that satisfies ERISA's strict statutory requirements can override plan documents; state-court decrees that fail those requirements are preempted).

## VII. OBJECTION 4: INADEQUACY OF STATE CONTEMPT FORUM

As established in Objection 1, the FCR mischaracterizes this proceeding. This Objection addresses the separate issue of forum adequacy.

The FCR reasons that abstention is warranted because, under Texas law, alleged constructive contemnors are entitled to a "hearing on [the] merits of [the] charge with [the] right to present defenses and explanations," and thus Defendant will have an opportunity to present any federal defense in the contempt proceeding.

That conclusion is too broad and does not satisfy the *Juidice* requirement that litigants have "an opportunity to present their federal claims in the state proceedings":

1. **A contempt hearing's "defenses and explanations" are not equivalent to a full ERISA cause of action.**
   The right to present defenses and explanations in a quasi-criminal contempt hearing focuses on whether a party violated an existing order, not on whether the party can affirmatively pursue a monetary relief claim under ERISA to clarify rights to benefits, seek declaratory and injunctive relief, and enforce ERISA's anti-alienation and fiduciary provisions. The FCR treats this ERISA preemption and anti-alienation

      provision as if they were equivalent to a full defense of state comtempt for ERISA-based claims, which they are not.

2. **The combination of implementation and clarification relief goes beyond what a contempt court ordinarily resolves.**

    Where a petition asks the state court to (a) clarify a prior decree regarding an ERISA plan because it is **too vague for contempt**, and (b) order new, specific steps to effectuate disbursement and completion of a QDRO, the issues extend beyond whether Defendant disobeyed a clear existing command. They implicate the scope and validity of the underlying decree in light of federal ERISA requirements. A contempt hearing directed at whether Defendant should be punished is not an adequate forum for resolving these broader ERISA issues.

3. **The FCR equates procedural protections with substantive adequacy.** The FCR relies heavily on *Ex parte Johnson*'s description of Texas contempt procedural safeguards (notice, counsel, jury, privilege, hearing). Those safeguards protect the contemnor's liberty interests but say nothing about whether the contemnor can obtain the kind of prospective ERISA relief and declaratory clarity that federal law provides. Procedural fairness in a quasi-criminal hearing is not the same as an adequate opportunity to litigate complex ERISA questions about plan benefits and QDRO implementation.

4. **No QDRO exists to enforce.** As explained in Section IV (Objection 1), no court-signed QDRO presently exists, and no costs or fees have been incurred. A contempt hearing cannot provide adequate relief where the subject matter of enforcement does not exist.

      Because the FCR equates the existence of basic due-process protections in a contempt hearing with an "opportunity to present federal claims" in the *Juidice* sense, its adequacy-of-forum analysis is legally insufficient to justify abstention in the ERISA context presented here.

      Moreover, even if this Court were to treat the state petition as initiating a contempt proceeding, the pleading does not satisfy Texas due-process requirements for constructive contempt. Texas appellate courts repeatedly hold that due process requires the alleged contemnor receive full and unambiguous notice "in a motion for contempt, show cause order, or equivalent legal process stating how, when, and by what means the party has been guilty of the alleged

contempt." *Johnson v. Clark*, No. 07-11-00122-CV, 2011 WL 5118775, at *2 (Tex. App.—Amarillo Oct. 28, 2011, no pet.) (mem. op.), quoted in *In re Erica Blumenthal*, No. 01-21-00130-CV, 2021 WL 4926896, at *3 (Tex. App.—Houston [1st Dist.] Oct. 19, 2021, orig. proceeding) (mem. op.); see also *In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 632 (Tex. App.—El Paso 2016, orig. proceeding); *In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105, at *6 (Tex. App.—El Paso May 30, 2014, orig. proceeding) (both repeating the "how, when, and by what means" requirement). Here, the petition labeled as a contempt proceeding does not, on its face, allege with specificity how, when, and by what means Defendant violated any definite, presently effective command of the decree. To the contrary, Movant affirmatively pleads that the underlying decree is "**not specific enough to be enforced by contempt**" and asks the court to enter a clarifying order to restate its terms. A pleading that admits the decree is too vague for contempt, and that substitutes a request for clarification in place of particularized contempt allegations, does not constitute a valid contempt accusation under *Johnson* and its progeny. The FCR's assumption that there is an ongoing, procedurally adequate "state contempt proceeding" thus rests on a faulty premise and cannot support *Juidice*-style abstention.

Even if a contempt hearing were procedurally adequate under state law, it cannot provide the declaratory and injunctive relief available only under ERISA *§ 502(a)(3)* or enter orders binding on ERISA plan administrators. See *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992).

### VIII. CONCLUSION AND REQUESTED RELIEF

Defendant fully briefed certain errors:

    #1 – No ongoing state proceeding remains after removal

    #2 – This is not really a "state contempt proceeding"

    #3 – State contempt hearing is not an "adequate" forum for *ERISA § 502* claims

    #4 – *Quackenbush* bars remand

    #5 – No remand authority under *§ 1447(c)* if any federal jurisdiction exist and no motion challenges other defects.

The Magistrate's FCR never mentions ERISA complete preemption at all.

For the reasons stated above, Defendant respectfully requests that the District Court:

1. Sustain these objections;
2. Reject the Magistrate Judge's Findings, Conclusions, and Recommendation to the extent it characterizes this matter as a simple "state court contempt proceeding" and recommends remand based on *Juidice*-style abstention;
3. Hold that the removed proceeding, properly construed, asserts prospective and monetary claims relating to an ERISA-governed retirement plan that fall within ERISA § 502(a) and are therefore completely preempted by federal law, such that federal-question jurisdiction exists;
4. Dismiss, strike, or otherwise deny any purported "contempt" component for the facial absence of any existing, court-signed QDRO and because a federal court cannot exercise state contempt jurisdiction over alleged violations of pre-removal state orders; and
5. Grant such other and further relief as the Court deems just and proper.

At a minimum, even if the Court were to disagree with Defendant's objections in part, Defendant respectfully submits that the Court must retain jurisdiction over the ERISA-governed plan claims seeking prospective and monetary relief under § 502(a) and may not remand those claims based on *Juidice*-style abstention.

In the alternative, should the Court determine that the current record is insufficient to resolve the jurisdictional and abstention issues raised in the FCR, Defendant respectfully requests that the Court conduct a hearing requiring Plaintiff to show cause and present authority supporting her characterization of the state petition as a contempt proceeding, particularly in light of the petition's admission that the underlying decree is "**not specific enough to be enforced by contempt**."

Defendant further requests, in the alternative, that the Court order supplemental briefing on ERISA complete preemption, the QDRO statutory framework under *29 U.S.C. § 1056(d)(3)*, and the legal distinction between **enforcement of an existing QDRO** and the **creation or compelled drafting of a QDRO for the first time**, because the FCR does not address these issues and they are dispositive of federal jurisdiction.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2025, I served a true and correct copy of this forgoing document on all counsel of record by the Texas e-filing system (efiletx.tylertech.cloud), by email, and/or by certified mail, return receipt requested, and I filed this forgoing document in the United States District Court for the Northern District of Texas, Fort Worth Division, in the above-captioned removed case.

*/s/ Conghua Yan*
Conghua Yan