UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FUYAN WANG,**

   Plaintiff,

v.                                   No. 4:25-cv-1247-P

**CONGHUA YAN,**

   Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 11, 2025, the United States Magistrate Judge issued a Findings, Conclusions, and Recommendation ("FCR") in this case. ECF No. 7. The FCR recommended the Court remand the present action to the 360th District Court, Tarrant County, Texas. ECF No. 7 at 2. Defendant filed an Objection to the FCR on December 9, 2025. ECF No. 10. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **REMAND** all claims, **ADOPT** the reasoning in the Magistrate Judge's FCR, and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

This case arises from a petition in state court to enforce a marital property division. Specifically, for the enforcement of the Final Decree of Divorce, which included the division of certain retirement benefits. Defendant Conghua Yan removed this case from the 360th District Court, Tarrant County, Texas, on November 4, 2025.

### LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district

court may then accept, reject, or modify the recommendation or findings, in whole or in part. *Id.*

## ANALYSIS

Throughout the brief, Defendant makes a variety of objections. *See* ECF No. 10. However, after thoroughly reviewing the record, it is sufficient for the Court to only address the objection related to abstention as it is fully dispositive of the case.

The Supreme Court has clarified that abstention applies to cases "in which the State's contempt process is involved," recognizing that the contempt power "lies at the core of the administration of a State's judicial system." *Judice v. Vail*, 430 U.S. 327, 335–37 (1977). Federal interference with a state court's contempt process "unduly interferes with the legitimate activities of the State" and can be understood as "reflecting negatively upon the state courts' ability to enforce constitutional principles." *Id.* at 336 (citation modified). Consistent with *Judice*, the Fifth Circuit has reiterated that federal courts should abstain from hearing proceedings premised on state-court contempt enforcement. *See Kolwe v. Civ. Structural Eng'rs, Inc.*, 858 F. App'x 129, 132 (5th Cir. 2021). That principle applies regardless of whether the contempt proceeding is characterized as "civil, quasi-criminal, or criminal." *Judice*, 430 U.S. at 335–36.

Abstention is appropriate here because the removed matter is, in substance, a state-court contempt proceeding seeking enforcement of a state-court order, and Defendant has an adequate opportunity to present any federal issues in that forum. *See Daves v. Dallas Cnty.*, 64 F.4th 616, 629 (5th Cir. 2023). Texas contempt proceedings are "quasi-criminal" and provide robust procedural protections, including a merits hearing with the right to present defenses and explanation. *Ex parte Johnson*, 654 S.W.2d 415, 420 & n.2 (Tex. 1983).

Defendant, therefore, may raise any federal defenses—including the objections that federal law limits or precludes the requested relief—in the contempt proceeding itself and through the state appellate process. *See id.* Defendant attempts to pierce the style and form of the contempt proceedings by alleging that the state-court proceedings are merely

disguised as such. *See* ECF No. 10 at 4. But the Fifth Circuit has advised against doing just that. "We expressly declined to adjudicate the merits of a motion filed in state court and styled a motion for contempt' because 'to do so would transgress the very principle of federalism [that] the rule [that contempt proceedings are non-removable] seeks to protect." *Kolwe*, 858 F. App'x at 133 (alteration in original) (quoting *Asher v. A G Edwards & Sons*, 272 F. App'x 357, 357–58 (5th Cir. 2008)). Because this case falls within the contempt proceeding category where comity and federalism concerns are at their apex, the Court will remand consistent with the Magistrate Judge's recommendation.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR and Defendant's Objections, the Court **REMANDS** all claims to the 360th District Court, Tarrant County, Texas, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Defendant's Objections.

**SO ORDERED** on this **6th day of February 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3