# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| FUYAN WANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01247-P |
| | ) | |
| CONGHUA YAN, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

# DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT
# UNDER RULE 59(E)

## Table of Contents

Table of Contents......................................................................................................................2

Table of Authorities...................................................................................................................3

INTRODUCTION .......................................................................................................................4

BACKGROUND AND PROCEDURAL POSTURE .................................................................4

LEGAL STANDARD ..................................................................................................................4

ARGUMENT ...............................................................................................................................5

    I.     THE ORDER REFLECTS MANIFEST ERROR AND INSUFFICIENT RULE 72(b)(3) DE NOVO REVIEW OF DEFENDANT'S SPECIFIC OBJECTIONS ........................................................5

        A.     The Order misidentifies the objecting party, indicating insufficient review................................6

        B.     The Order did not address specific, potentially dispositive objections, including the limit on abstention remedies....................................................................................................................6

    II.    THE COURT ERRED BY FAILING TO ADDRESS ERISA COMPLETE PREEMPTION AND EXCLUSIVE FEDERAL JURISDICTION ...................................................................................7

    III.    ERISA'S EXCLUSIVE FEDERAL JURISDICTION FORECLOSES *JUIDICE* ABSTENTION ................8

    IV.    THE COURT ERRED BY SUA SPONTE APPLYING *YOUNGER*/*JUIDICE* AFTER WAIVER/FORFEITURE AND BY SUPPLYING REMAND THEORY FOR A NON-APPEARING PLAINTIFF .....................................................................................................................................9

        A.     *Younger* is non-jurisdictional and may be waived/forfeited .........................................................9

        B.     Even when abstention may be raised by a court, the court must provide fair notice and cannot resurrect a deliberately abandoned defense ...................................................................................10

        C.     Party-presentation principles confirm the error where Plaintiff presented nothing .................................11

        D.     "Contempt proceeding" labeling cannot substitute for substance-of-relief analysis where ERISA complete preemption was raised ...................................................................................................13

    V.    EVEN IF JUIDICE EXTENDS YOUNGER TO CONTEMPT, THE COURT HAD TO ANALYZE THE BAD-FAITH / HARASSMENT EXCEPTION (INCLUDING "NO REASONABLE HOPE") BEFORE ABSTAINING.....................................................................................................................................14

        A.     *Juidice* preserves the bad-faith/harassment exception and requires it to be addressed when plausibly invoked ................................................................................................................................14

        B.     The "no-hope-of-success" form of bad-faith harassment is recognized by Supreme Court and Fifth Circuit precedent.............................................................................................................................15

        C.     The Court was required to decide the bad-faith/no-hope exception before abstaining............................16

CONCLUSION ...........................................................................................................................17

CERTIFICATE OF CONFERENCE.........................................................................................18

CERTIFICATE OF SERVICE ...................................................................................................18

## Table of Authorities

**Cases**

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)....................................................................................7

*Bridgeman v. AT&T, INC.*, No. 3:21-CV-514-HTW-LGI, 2023 WL 5632800 (S.D. Miss. Aug. 31, 2023)................5

*Daves v. Dallas County*, No. 18-11368 (5th Cir. Jan. 7, 2022) (en banc) ..............................................9, 10

*Day v. McDonough*, 547 U.S. 198 (2006) ....................................................................................12, 17

*Grace Ranch, L.L.C. v. BP America Production Co.*, 989 F.3d 301 (5th Cir. 2021)......................................4

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) .....................................................................................14

*Juidice v. Vail*, 430 U.S. 327 (1977)..............................................................................................8, 14

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009) ...............................................8

*Netflix, Inc. v. Babin*, 88 F.4th 1080 (5th Cir. 2023) .......................................................................15, 17

*Perez v. Ledesma*, 401 U.S. 82 (1971)..........................................................................................15, 17

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)......................................................................4, 6

*Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563 (5th Cir. 2003).......................................................4, 5

*Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515 (5th Cir. 2004) ....................................................................10

*United States v. Sineneng-Smith*, 590 U.S. 371 (2020)....................................................................12, 17

*Waltman v. Int'l Paper Co.*, 875 F.2d 468 (5th Cir. 1989) ......................................................................5

*Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979)........................................................................15, 16

*Wood v. Milyard*, 566 U.S. 463 (2012)..............................................................................................12

**Statutes**

*29 U.S.C. § 1056(d)(1)* ...........................................................................................................7, 8

29 U.S.C. § 1056(d)(3) .................................................................................................................8

*29 U.S.C. § 1132(e)(1)*......................................................................................................5, 7, 9, 17

## INTRODUCTION

Defendant Conghua Yan respectfully moves this Court under *Federal Rule of Civil Procedure 59(e)* to alter or amend the February 6, 2026 Order (ECF No. 11) remanding this case to the 360th District Court, Tarrant County, Texas. This remand is reviewable on appeal because it is based on abstention, not *§ 1447(c)*. Furthermore, because the remand order is appealable, it constitutes a 'judgment' for purposes of Rule *54(a)*. *Grace Ranch, L.L.C. v. BP America Production Co.*, 989 F.3d 301, 310-11 (5th Cir. 2021); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996).

The Court's Order contains manifest errors of law and fact that warrant reconsideration. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

This motion presents three dispositive errors in the Order's remand analysis: (1) the Order reflects insufficient Rule *72(b)(3)* de novo review of Defendant's specific objections (including a facial misidentification of the objecting party); (2) the Order does not address Defendant's ERISA complete-preemption / exclusive-jurisdiction arguments; and (3) the Court *sua sponte* applied *Younger*/*Juidice* abstention despite waiver/forfeiture and without applying required guardrails or analyzing the bad-faith/harassment exception.

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiff never appeared and never moved for remand. No counsel has entered an appearance on behalf of Plaintiff. Defendant timely removed and the magistrate judge issued Findings, Conclusions, and Recommendation recommending remand. Defendant filed written objections (ECF No. 10). The February 6, 2026 Order (ECF No. 11) adopted the FCR and remanded.

## LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment to correct "a manifest error of law or fact." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) .

"A Rule 59(e) motion would be proper, for example, where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but apprehension.'" *Bridgeman v. AT&T, INC.*, No. 3:21-CV-514-HTW-LGI, 2023 WL 5632800 (S.D. Miss. Aug. 31, 2023).

**1. Question of First Impression:** Whether mandatory exclusive federal jurisdiction under *29 U.S.C. § 1132(e)(1)* precludes abstention-based remand—a question that divides circuits and affects ERISA uniformity nationwide.

**2. Constitutional Question:** Whether *sua sponte* abstention when the plaintiff never appeared violates the party-presentation principle (*Sineneng-Smith*) and due process (*Day v. McDonough*).

**3. Abstention Doctrine Limits:** Whether *Juidice* requires analysis of the "no reasonable hope" bad-faith exception before abstaining, an issue recently addressed by the Fifth Circuit in *Netflix v. Babin* (2023).

The Court need not agree with Defendant's analysis of dispositive issues, but it **must address them**. Silence is not de novo review.

A motion to reconsider is also proper when the court's disposition rests on a "manifest error[] of law" or where "necessary to prevent manifest injustice." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

**ARGUMENT**

I.THE ORDER REFLECTS MANIFEST ERROR AND INSUFFICIENT RULE 72(b)(3) DE NOVO REVIEW OF DEFENDANT'S SPECIFIC OBJECTIONS

## A.    The Order misidentifies the objecting party, indicating insufficient review

The Order states that it "OVERRULE[s] **Plaintiff**'s Objections." ECF No. 11 at 1 (emphasis added). But it was **Defendant**, not Plaintiff, who filed objections to the FCR (ECF No. 10). Plaintiff filed nothing. This error, combined with the Order's failure to address Defendant's waiver/forfeiture and ERISA preemption objections, supports reconsideration to ensure the remand decision reflects de novo review of the actual objections presented.

This is not a harmless typographical error. It suggests that the Order was drafted without careful review of which party raised which arguments, a concern compounded by the Court's failure to engage with Defendant's substantive arguments about waiver and ERISA preemption.

## B.    The Order did not address specific, potentially dispositive objections, including the limit on abstention remedies

Under the *Quackenbush* rule, the Supreme Court held that while abstention principles can justify staying an action for damages, they do not support outright dismissal or remand of a **damages** action. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31 (1996). The petition expressly requests a money judgment for "reasonable attorney's fees, expenses, and costs." Defendant specifically raised this issue, but the Court did not address it. Accordingly, even if abstention were otherwise appropriate, the only permissible abstention remedy here was, at most, a stay, not outright remand.

Defendant filed objections challenging *sua sponte* abstention and asserting waiver/forfeiture (ECF No. 10). Adopting the FCR without addressing a specific, potentially dispositive objection is inconsistent with de novo review. *Fed. R. Civ. P. 72(b)(3)*.

## II. THE COURT ERRED BY FAILING TO ADDRESS ERISA COMPLETE PREEMPTION AND EXCLUSIVE FEDERAL JURISDICTION

**ERISA's exclusive federal jurisdiction under *29 U.S.C. § 1132(e)(1)* forecloses *Juidice* abstention because the state court lacks subject matter jurisdiction over completely preempted ERISA claims, and *Juidice*'s comity rationale does not apply when the state contempt proceeding seeks to enforce obligations that federal ERISA act prohibits alienation absent a Qualified Domestic Relations Order.**

Defendant's Objections (ECF No. 10) briefed ERISA complete preemption, arguing the petition seeks relief that "duplicates, supplements, or supplants" ERISA's *§ 502(a)* civil-enforcement scheme and is therefore completely preempted and within exclusive federal jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *29 U.S.C. § 1132(e)(1)* (exclusive federal jurisdiction over ERISA *§ 502* claims).

The petition seeks monetary relief tied to Defendant's ERISA-governed employer 401(k) plan, and no QDRO exists. See *29 U.S.C. § 1056(d)(1)*. Accordingly, the petition's demand for attorney's fees, expenses, and costs in connection with alleged contempt relating to those plan benefits falls within—and impermissibly seeks to expand—ERISA's exclusive remedial scheme. *Davila*, 542 U.S. at 209.

The Order never addresses complete preemption or ERISA. Indeed, the word "ERISA" does not appear anywhere in the FCR or the Order. The Order does not mention *29 U.S.C. § 1132(e)(1)* or *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Nor does it address whether ERISA's exclusive federal-jurisdiction provision precludes abstention-based remand of claims falling within ERISA *§ 502(a)*'s civil-enforcement scheme.

By failing to address these core arguments, the Court failed to conduct the *de novo* review required by Rule *72(b)(3)*. This alone is manifest error warranting reconsideration.

III. ERISA'S EXCLUSIVE FEDERAL JURISDICTION FORECLOSES *JUIDICE* ABSTENTION

This case presents a question no court has squarely addressed: **whether *Juidice v. Vail*, 430 U.S. 327 (1977), permits *Younger* abstention in favor of a state contempt proceeding when the monetary relief sought is completely preempted by ERISA and barred by ERISA's anti-alienation provision absent a qualified domestic relations order.**

The answer must be no. *Juidice*'s rationale depends on the premise that the state court is exercising legitimate contempt authority to vindicate legitimate judicial orders. 430 U.S. at 335 ("the State's interest in the contempt process . . . is vital to the functioning of the courts"). But where ERISA preempts the underlying obligation and no QDRO exists, the state court has no enforceable order as to the ERISA plan benefits. *29 U.S.C. § 1056(d)(1)* (anti-alienation); § 1056(d)(3) (sole QDRO exception); *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 299–301 (2009) (plan documents control; divorce decree without QDRO ineffective).

A contempt proceeding that seeks to enforce what federal law forbids is not the kind of state enforcement interest that *Juidice* protects. Contempt is an enforcement mechanism, not an independent source of substantive authority. It cannot compel the distribution of ERISA plan benefits that *29 U.S.C. § 1056(d)(1)* protects from assignment or alienation absent a QDRO. On the face of the petition, it seeks damages and other monetary relief in connection with an ERISA plan, without any QDRO. To hold otherwise would create a roadmap for circumventing

ERISA's exclusive federal jurisdiction in domestic-relations cases: label the relief "contempt" and invoke *Juidice* to defeat ERISA's anti-alienation.

The petition, styled as a contempt proceeding, is in substance an effort to further an alleged ERISA embezzlement scheme that is the subject of an ongoing federal RICO action, No. 4:23-cv-00758, pending in this Court before the same judge. Rather than extracting funds directly from the same ERISA plan, the alleged conspirators, members of the same alleged RICO enterprise, attempt to compel Defendant to withdraw the money, so the resulting transfer can be framed as voluntary compliance and insulated from scrutiny.

Petitioner's and her counsel's nonappearance suggests they are unwilling to advance their alleged monetary action in a federal forum. The remand order itself would further that alleged scheme by returning the case to state court, where state actors can proceed under the cloak of judicial immunity.

ERISA's exclusive jurisdiction provision, *29 U.S.C. § 1132(e)(1)*, is a mandatory congressional command that absolutely preempts all state-court adjudication of covered ERISA *§ 502(a)* claims. *Younger* abstention is a non-jurisdictional *prudential* doctrine. [*Daves v. Dallas County*, No. 18-11368, at 33 (5th Cir. Jan. 7, 2022) (en banc)](). A *prudential* doctrine of *comity* cannot override a statutory grant of exclusive federal jurisdiction. The Court erred by applying *Juidice* without first determining whether ERISA preempts the relief the petition seeks.

IV. <u>THE COURT ERRED BY SUA SPONTE APPLYING *YOUNGER*/*JUIDICE* AFTER WAIVER/FORFEITURE AND BY SUPPLYING REMAND THEORY FOR A NON-APPEARING PLAINTIFF</u>

A.    ***Younger* is non-jurisdictional and may be waived/forfeited**

*Younger* abstention is not a jurisdictional bar. It is a *prudential* doctrine rooted in *comity*—a discretionary choice not to exercise jurisdiction that otherwise exists.

"One result of the principle that abstention under *Younger* is not jurisdictional is that application of the doctrine can be waived." *Daves v. Dallas County*, No. 18-11368, at 33 (5th Cir. Jan. 7, 2022) (en banc), citing *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). And where the State (or the party who would benefit from monetary relief) knows they were in federal forum but declined to advocate abstention, comity concerns are materially diminished. *Id*.

Here, Plaintiff never appeared and never invoked any abstention doctrine. Defendant timely objected and argued waiver/forfeiture. The remand order did not address that waiver/forfeiture argument.

**B.    Even when abstention may be raised by a court, the court must provide fair notice and cannot resurrect a deliberately abandoned defense**

The Fifth Circuit has recognized that abstention may be raised by the court *sua sponte*, citing the Supreme Court's dictum in *Bellotti v. Baird*, 428 U.S. 132 (1976). *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 2009 WL 2605356 (5th Cir. Aug. 25, 2009) (per curiam) (unpublished). But the Supreme Court also distinguishes forfeiture from waiver and requires at minimum fair notice and an opportunity to respond before a court relies on an unraised defense—and courts may not override a party's deliberate waiver. *Wood v. Milyard*, 566 U.S. 463, 132 S.Ct. 1826, 1828-29 (2012); *Day v. McDonough*, 547 U.S. 198 (2006).

*Day* imposes four guardrails on any *sua sponte* reliance on an unraised defense: (1) fair notice and an opportunity to be heard; (2) no "intelligent waiver" by the party who would benefit; (3) no significant prejudice to the opposing party; and (4) a determination that the interests of justice favor the court's course. 547 U.S. at 209–11. Here, Plaintiff was served with the notice of removal and chose not to appear or move for remand, an intelligent waiver the Court may not override. *Id.* at 202.

If Plaintiff had raised *Younger*, Defendant would have had 21 days to respond. On a full adversarial record, Plaintiff's inadequate presentation, or simple oversight, would have been tested, and Defendant could have prevailed. Instead, without any hearing, the magistrate judge conclusorily invoked *Younger sua sponte* in the FCR without any record-based analysis of the petition, effectively supplying Plaintiff an abstention theory Plaintiff did not competently present, while leaving Defendant only 14 days to object. The final Order then ended the briefing by adopting the FCR without addressing those objections. That sequence prejudiced Defendant.

That prejudice is heightened because Plaintiff is pro se. A represented party might anticipate *Younger* and brief it proactively; a pro se litigant often will not. By injecting *Younger sua sponte* and then resolving the case on a truncated objection track, the Court decided a dispositive, non-jurisdictional abstention issue without the adversarial testing and record-based findings that make a forum "adequate." That is unfair: it turns abstention from a narrow comity doctrine into a shortcut that denies Defendant a meaningful opportunity to be heard, while insulating Plaintiff's inadequate presentation from correction.

A basic principle of litigation is that a movant often prevails by default when the opposing party fails to appear. This remand is unprecedented: the movant was denied relief even though the opposing party did not appear and the court otherwise had jurisdiction.

C.    **Party-presentation principles confirm the error where Plaintiff presented nothing**

**The Court's *sua sponte* invocation of *Younger/Juidice* abstention — without any party requesting abstention or remand, and over Defendant's waiver/forfeiture objection — violated the party presentation principle of**

11 | P a g e

***Sineneng-Smith*, 590 U.S. 371 (2020), and the procedural safeguards of *Day v. McDonough*, 547 U.S. 198 (2006), and *Wood v. Milyard*, 566 U.S. 463 (2012).**

The adversarial system requires that "courts do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them]." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). The "party presentation" principle, that courts rely on the parties to frame the issues—is "a fundamental premise of our adversarial system." *Id.*

In *Sineneng-Smith*, the Supreme Court unanimously reversed the Ninth Circuit for "drastically **depart[ing]** from the principle of party presentation" by "request[ing] supplemental briefing from three amici on **issues not raised** by the parties." *Id.* at 376 (emphasis added). The Court emphasized that "[c]ourts are essentially passive instruments of government," and that the party presentation principle "limits courts to resolving only those issues raised and argued by the litigants." *Id.* at 375.

The violation here is more extreme than *Sineneng-Smith*. In that case, at least the defendant had appeared and presented *some* arguments. Here, Plaintiff presented *nothing*. The Court's Order:

1. **Characterized** the underlying petition as a "contempt proceeding"—an argument Plaintiff never made;

2. **Identified** the applicable legal framework (*Juidice v. Vail* and *Kolwe*), cases Plaintiff never cited;

3. **Applied** the *Younger* factors, an analysis Plaintiff never requested;

4. **Rejected** applying factual analysis of Defendant's argument that the petition is not truly a contempt proceeding, a rebuttal to Defendant that Plaintiff never offered;

5.   **Concluded** that "Defendant may raise any federal defenses . . . in the contempt proceeding itself," an adequacy-of-state-remedies finding that Plaintiff never advocated.

Plaintiff's nonappearance and failure to press abstention or remand underscores why the Court should not have supplied and decided *Younger* and the "contempt proceeding" merits characterization without adversarial briefing, particularly after Defendant objected and raised waiver/forfeiture.

In other words, no party advocated remand or stay, and no QDRO exists that could objectively supply a lawful basis for the contempt relief Plaintiff seeks. Yet the Court rejected Defendant's "no reasonable hope" argument and supplied the abstention rationale Plaintiff did not present and chose remand relief. In doing so, the Court departed from its role as a neutral arbiter and functioned as Plaintiff's de facto advocate.

The error is not merely that *Younger* was raised *sua sponte*. The error is that the Order (i) assumed *Younger*'s prerequisites were satisfied without adversarial testing or record-based analysis, and (ii) ignored Defendant's waiver/forfeiture objection even though Plaintiff never appeared to request abstention.

**D.    "Contempt proceeding" labeling cannot substitute for substance-of-relief analysis where ERISA complete preemption was raised**

If the underlying petition seeks forward-looking relief to implement or enforce rights under an ERISA-governed plan—and alternatively alleges the decree is not specific enough for contempt—then the federal complete-preemption inquiry cannot be resolved by the petition's "contempt" label alone. Complete preemption under *Davila* turns on whether the claim could have been brought under ERISA § 502(a) and whether an independent legal duty is implicated.

Defendant's objections briefed ERISA complete preemption and exclusive federal jurisdiction; the remand order did not address those points.

V. <u>EVEN IF JUIDICE EXTENDS YOUNGER TO CONTEMPT, THE COURT HAD TO ANALYZE THE BAD-FAITH / HARASSMENT EXCEPTION (INCLUDING "NO REASONABLE HOPE") BEFORE ABSTAINING</u>

**A.     *Juidice* preserves the bad-faith/harassment exception and requires it to be addressed when plausibly invoked**

**The bad-faith/harassment exception preserved by *Juidice*, 430 U.S. at 338–39, requires analysis before abstention, and this exception is satisfied where the contempt proceeding has 'no reasonable hope of a valid contempt adjudication' because ERISA preempts the underlying obligation and no QDRO exists, rendering contempt structurally impossible.**

The Supreme Court held that *Younger* abstention principles apply where the "State's contempt process is involved," because contempt is central to a state court's ability to vindicate the operation of its judicial system. *Juidice v. Vail*, 430 U.S. 327, 333–36 (1977). But *Juidice* also reiterates that the recognized "exceptions to application of the *Younger* and *Huffman* principles" remain available—specifically, where the state proceeding "is motivated by a desire to harass or is conducted in bad faith," or where the challenged law is "flagrantly and patently" unconstitutional. *Id*. at 338–39 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)).

*Juidice* further explains that this exception "may not be utilized unless it is alleged and proved" that officials are enforcing the contempt process "in bad faith or are motivated by a desire to harass." 430 U.S. at 338 (emphasis added). Thus, when a litigant alleges record-supported facts that, if true, plausibly show contempt is being used in bad faith or for harassment, the federal court must analyze the exception; it is legal error to abstain while ignoring it.

**B.    The "no-hope-of-success" form of bad-faith harassment is recognized by Supreme Court and Fifth Circuit precedent.**

The Supreme Court has recognized federal intervention where a prosecution is undertaken "in bad faith without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Justice Brennan further explained that bad-faith harassment can include prosecutions **under valid statutes** "where there is no reasonable hope of obtaining a conviction." *Id*. at 118 n.11 (Brennan, J., concurring in part and dissenting in part).

The Fifth Circuit recently reaffirmed this "no reasonable hope" formulation in the *Younger* context. In *Netflix, Inc. v. Babin*, the court explained that "[a] state has no legitimate interest … in a prosecution brought in bad faith or to harass," and that **federal intervention is available** in the "exceptional" situation where the prosecutor "is credibly accused of bad faith and has no reasonable hope of obtaining a valid conviction." *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1081–82 (5th Cir. 2023). Netflix also emphasizes that when "the prosecution itself is the constitutional violation," the defendant lacks an adequate opportunity to vindicate the right by simply "undergoing the prosecution," making abstention inappropriate. Id.

*Wilson v. Thompson* explains the same *comity* logic in reviewable terms: the State "by definition does not have any legitimate interest in pursuing a bad faith prosecution," and where "the prosecution itself effects the constitutional violation," the right "cannot be vindicated by undergoing the prosecution." *Wilson v. Thompson*, 593 F.2d 1375, 1382–83 (5th Cir. 1979) (cleaned up). Those principles supply the controlling framework for evaluating whether a contempt proceeding is an ordinary state enforcement matter (where *Younger* may apply) or a bad-faith harassment device (where *Younger* does not).

**C.      The Court was required to decide the bad-faith/no-hope exception before abstaining**

Because *Juidice* applies *Younger* abstention to contempt proceedings only through the ordinary *Younger* framework—including the bad-faith and harassment exceptions—the court could not treat the label 'contempt' as a categorical trigger for abstention. *Juidice*, 430 U.S. at 338–39. *Perez* and *Netflix* identify a concrete way bad faith/harassment can be shown: a proceeding pursued "without hope" or with "no reasonable hope" of a valid adjudicatory result. *Perez*, 401 U.S. at 85; *Netflix*, 88 F.4th at 1081–82. *Wilson* confirms that, when the proceeding itself is the constitutional injury, abstention cannot be justified by pointing to the availability of defenses inside the very proceeding alleged to be abusive. *Wilson*, 593 F.2d at 1382–83.

Accordingly, where the record supports that the purported contempt track lacks any realistic prospect of a valid contempt adjudication—i.e., there is "no reasonable hope" of a valid contempt result—and is being used as coercive leverage rather than a good-faith effort to vindicate a lawful court command, the court must address the *Juidice*/*Perez*/*Netflix*/*Wilson* exception analysis before abstaining. Abstention without that analysis is reversible legal error because it converts *Juidice* into a categorical bar, contrary to *Juidice*'s explicit preservation of the bad-faith/harassment exception. *Juidice*, 430 U.S. at 338–39.

The Order erred by reasoning that "because this case falls within the contempt-proceeding category" *Younger* abstention applies, and by *sua sponte* invoking *Younger* while ignoring Defendant's "no-hope" exception argument. (ECF No. 11, at 3). The hope/no-hope analysis is a mixed question of fact and law. When the court effectively becomes the movant on abstention, the resulting conflict and predictable structural bias in favor of its own rationale prejudices Defendant on the face of the ruling.

**CONCLUSION**

The February 6, 2026 Order should be reconsidered because it:

1.      Reflects insufficient Rule *72(b)(3)* de novo review, including a facial misidentification of the objecting party;

2.      Failed to address Defendant's ERISA complete-preemption and exclusive-jurisdiction objections, including whether *29 U.S.C. § 1132(e)(1)* deprives the state court of subject matter jurisdiction over claims relating to ERISA plan benefits;

3.      Applied *Juidice/Younger* abstention without addressing whether ERISA's exclusive federal jurisdiction forecloses abstention-based remand of completely preempted claims — a question of first impression;

4.      Applied *Younger/Juidice* abstention *sua sponte* despite waiver/forfeiture and without applying the procedural safeguards required by *Day v. McDonough*, 547 U.S. 198 (2006), and the party presentation principle of *United States v. Sineneng-Smith*, 590 U.S. 371 (2020);

5.      Failed to analyze the bad-faith/harassment exception, including the "no reasonable hope of a valid contempt adjudication" framework recognized in *Netflix, Inc. v. Babin, 88 F.4th 1080 (5th Cir. 2023)*, and *Perez v. Ledesma*, 401 U.S. 82 (1971), before abstaining, despite Defendant's record-supported argument that contempt is structurally impossible because ERISA preempts the underlying obligation and no QDRO exists; and

6.      Failed to apply the *Quackenbush* limit on abstention remedies, at most a stay, not remand, in a case seeking monetary relief.

Defendant respectfully requests this Court:

a)      Vacate the February 6, 2026 remand order;

b)      Conduct a proper de novo review of Defendant's Objections, including the waiver and ERISA preemption arguments; and

c)      Alternatively, if any abstention doctrine were ever considered applicable, apply the correct remedy (at most a stay) rather than an abstention-based remand.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF CONFERENCE

Plaintiff has not appeared in this action. No counsel has entered an appearance on behalf of Plaintiff. Conference under this proceeding is impossible.

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF SERVICE

I certify that on February 7, 2026, I served a true and correct copy of the foregoing document on all counsel of record via CM/ECF and/or by U.S. Mail, email, and/or certified mail (return receipt requested). I also filed the foregoing document with the United States District Court for the Northern District of Texas, Fort Worth Division, in the above-captioned removed action.

*/s/ Conghua Yan*
Conghua Yan