# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |
|---|---|
| FUYAN WANG, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) Case No. 4:25-cv-01247-P |
|  | ) |
| CONGHUA YAN, | ) |
|  | ) |
| Defendant/Respondent. | ) |

**SUPPLEMENTAL BRIEF TO DEFENDANT'S MOTION TO ALTER OR
AMEND JUDGMENT UNDER RULE 59(E) REGARDING "CONTEMPT"
CLASSIFICATION AND THE ABSENCE OF A CONTEMPT PREDICATE**

Respondent files this supplemental brief to clarify why the removed petition cannot properly be treated as a contempt proceeding, neither criminal nor civil, because it does not allege violation of any clear, decree-defined duty. Instead, it seeks to impose a new obligation (or a modified term) and then enforce that newly created term later. That is civil enforcement/modification, not contempt. And because the requested relief targets conduct involving an ERISA-governed plan (absent a valid QDRO predicate), federal jurisdiction and ERISA preemption must be addressed first.

**Texas contempt doctrine presupposes a violated court command**

Texas distinguishes civil from criminal contempt by the purpose of the sanction. Criminal contempt is punitive—a definite jail term/fine imposed for a completed past violation regardless of later compliance. *Ex parte Dotson*, 76 S.W.3d 393, 397–98 (Tex. Crim. App. 2002) (discussing *Ex parte Werblud*, 536 S.W.2d 542 (Tex. 1976)). Civil contempt is coercive/remedial—the order must provide a purge path tied to compliance with an existing command ("confined until you do X"). *Id.*

But both species of contempt share the same predicate: a prior court order that clearly imposes a duty, and an alleged violation of that duty. **Contempt cannot be used to create obligations in the first instance**.

Texas law is strict on this predicate requirement. In *Ex parte Slavin*, the Texas Supreme Court held that to support contempt, the decree must be "clear, specific and unambiguous" and must "spell out the details of compliance" so the person "will readily know exactly what duties or obligations are imposed." 412 S.W.2d 43, 44 (Tex. 1967). If the decree does not impose the duty, there is no contempt predicate.

**This petition is neither civil nor criminal contempt because it identifies no decree-defined duty that was violated**

The petition cannot be criminal contempt because it does not allege a completed past violation of a decree-defined command and then seek a definite punishment. *Dotson*, 76 S.W.3d at 397–98.

It also cannot be civil contempt because civil contempt requires an order that coerces compliance with an existing command and provides a meaningful purge path tied to that command. *Id*. Where no decree-defined condition is identified as violated, there is nothing to "purge."

Here, the petition does not point to a specific, unambiguous decree provision that Respondent failed to perform. Instead, it seeks to force compliance with a

condition not listed in the decree, or to obtain a modified order that newly states the condition, so that it can be enforced later. That is not contempt in substance. Under *Slavin*, contempt cannot rest on implication, after-the-fact interpretation, or newly fashioned obligations. 412 S.W.2d at 44.

**Proper classification: civil enforcement/modification, not contempt**

Because the petition attempts to compel conduct not imposed by the decree, its substance is civil enforcement/modification, an effort to obtain new operative terms and then enforce those terms going forward. Calling that "contempt" does not make it contempt, and the Court should not treat the matter as a categorical "contempt proceeding" when the contempt predicate is missing.

Stated simply: contempt enforces compliance with what the decree already says; it is not a vehicle to add new decree terms and then punish or coerce compliance with them. *Slavin*, 412 S.W.2d at 44.

**Plaintiff has no reasonable hope of succeeding in a comtempt against Defendant.**

**R-9 is not self-executing.** It awards Movant "a portion of .. retirement benefits in US Bank," but expressly provides that "the division [is] to be effectuated using a Qualified Domestic Relations Order **signed** by the Court." Nothing signed yet.

A plan distribution/segregation is performed by the **plan administrator** after a **court-signed QDRO** exists; Respondent is not the actor who can unilaterally "transfer" plan assets in the absence of a QDRO. Yet the petition pleads only that Respondent "failed to transfer" Movant's portion, without pleading the predicate fact that any **court-signed QDRO exists** (indeed, the petition asks for an order compelling Respondent to provide "the required information to complete the QDRO," confirming the QDRO is not complete/executed).

The petition's only pleaded "fee" violation is "100% of any fees charged by the plan administrator for review of the [QDRO]." But **review fees occur only if a court signed QDRO is actually submitted for review** and the plan administrator **charges** a fee; the petition pleads no charged amount, invoice, or reviewed QDRO.

And the petition simultaneously requests a **clarifying order** "if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt," which underscores that contempt is not available where the alleged duty depends on a missing predicate and requires new/clarifying directives.

Because the petition does not plead an existing, court-signed QDRO (the required predicate for effectuating R-9), and pleads no plan-charged review fee tied to an actual review, it has **no reasonable hope** of proving a contempt violation of any clear, existing condition as written.

**ERISA implications: federal question and jurisdiction must be addressed before any "contempt" label can drive abstention/remand**

The petition's target is ERISA-plan-related conduct (i.e., compelling actions affecting plan benefits or plan-administered assets). ERISA contains a comprehensive civil-enforcement scheme. See *29 U.S.C. § 1132(a)*. Under *Aetna Health Inc. v. Davila*, state-law claims that duplicate or depend on ERISA's civil-enforcement mechanism are completely preempted and arise under federal law. 542 U.S. 200, 209 (2004). Exception applies only to enforcement of a existing QDRO which does not exist at the time of this case.

ERISA also restricts assignment/alienation of pension benefits, subject to the statutory QDRO exception. *29 U.S.C. § 1056(d)*, *(d)(3)*. To the extent the petition seeks to compel plan-related relief without a valid QDRO predicate, it squarely implicates ERISA's anti-alienation rule and *§ 502(a)* enforcement structure. *Davila*, 542 U.S. at 209.

Jurisdictionally, ERISA provides exclusive federal jurisdiction for most ERISA civil actions, with a limited concurrent-jurisdiction carveout for certain benefits claims under *§ 502(a)(1)(B)*. *29 U.S.C. § 1132(e)(1)*. Accordingly, before any abstention/remand theory can rely on a "contempt" label, the Court must first address whether the petition's requested relief is, in substance, an ERISA-governed claim (and whether any QDRO exception exists).

**CONCLUSION**

The petition is neither criminal contempt (no definite punishment for a completed violation of a decree-defined duty) nor civil contempt (no decree-defined duty and no purge condition tied to such a duty). This 2025 petition is collateral litigation involving a U.S. Bank ERISA plan. It appears designed to moot the same disputed subject matter or to further the ERISA-fund injury already pleaded in a separate RICO suit filed in 2023, as part of a conspiracy to obstruct the federal process through subsequent state-court orders. *Ex parte Dotson*, 76 S.W.3d at 397–98; *Ex parte Slavin*, 412 S.W.2d at 44. Because the relief sought targets ERISA related plan, ERISA complete preemption and federal jurisdiction must be addressed first. *Davila*, 542 U.S. at 209; *29 U.S.C. §§ 1056(d), 1132(a), 1132(e)(1)*.

Respectfully submitted,

*/s/ Conghua Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2026, I served a true and correct copy of the foregoing document on all counsel of record via CM/ECF and/or by U.S. Mail, email, and/or certified mail (return receipt requested). I also filed the foregoing document

7

with the United States District Court for the Northern District of Texas, Fort Worth Division, in the above-captioned removed action.

*/s/ Conghua Yan*
Conghua Yan