# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| FUYAN WANG, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Case No. 4:25-cv-01247-P |
| CONGHUA YAN, | ) ) ) ) |
| Defendant/Respondent. | ) |

**DEFENDANT'S AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pursuant to Fed. R. App. P. 24(a)(1) and 28 U.S.C. § 1915(a), Defendant-Appellant Conghua Yan moves for leave to proceed in forma pauperis on appeal and respectfully shows:

1. Appellant has filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment and related orders in this case. Appellant is unable to pay the $605 appellate filing fee without undue hardship. Appellant previously submitted a financial affidavit in this case (AO 240) (ECF No. 13). Appellant incorporates that affidavit by reference and submits it in support of this motion. If the Court requires the affidavit in the format of Fed. R. App. P. 24(a)(1), Appellant requests leave to supplement promptly.

2. Appellant previously filed two IFP motions. The first included an affidavit, but the Court denied it as moot because it was filed before ECF filing of the notice of appeal. The second was denied as technically defective because it did not reattach the affidavit. The second denial also stated that the appeal would be treated as frivolous, which Appellant respectfully disagrees with.

3. Appellant refiles his IFP motion and corrects the technical defects. Appellant's inability to afford costs is truthful and sworn under penalty of perjury. Appellant has worked in the security field in the retail financial industry for thirty years, an industry that demands the highest integrity, and Appellant fully accepts responsibility for the consequences of these truthful statements, both legally and professionally.

4. Issues intended to be presented on appeal include (summary):

    a. Whether the district court erred in *sua sponte* abstaining/remanding under Younger and related doctrines;

    b. Whether, under Quackenbush and related precedent, a stay (not remand/dismissal) was required for claims seeking monetary relief;

  c. Whether the court erred in its ERISA/QDRO/preemption analysis; and

  d. Whether the proceedings violated due process or otherwise constituted reversible procedural error.

5. The appeal is not frivolous. The Fifth Circuit "has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal," and positions taken within that umbrella "cannot be considered as frivolous." *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 370–71 (5th Cir. 1986). For purposes of good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), the question is not probable success; it is whether the appeal presents "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting Anders). A claim is frivolous only when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Conversely, courts describe frivolous arguments as those advanced in the teeth of "firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification." *McDougal v. Comm'r*, 818 F.2d 453, 455 (5th Cir. 1987); quoted in *In re Becraft*, 885 F.2d 547, 549 (9th Cir. 1989).

6. First, because *§ 1447(d)* does not prohibit review of remands based on abstention principles, such remands are appealable. See [*Cheapside Minerals, Ltd. v. Devon Energy Prod. Co.*, No. 23-60296, 2024 WL 886951 (5th Cir. Mar. 1, 2024)](#).

7. Second, this appeal rests on a unique premise and presents a question of first impression. The trial court invoked *Younger* abstention *sua sponte* even though no party raised this non-jurisdictional issue. *Younger* abstention is prudential, not jurisdictional. The Supreme Court has likewise explained that a federal court is not "compelled to abstain" in every case

and that "principles of comity do not demand" forcing the dispute back into the state system. *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 479–80 (1977). And where the State did not invoke *Younger*, the Court has declined to raise it on its own: "we are not inclined to examine the application of the doctrine *sua sponte*." *Swisher v. Brady*, 438 U.S. 204, 213 n.11 (1978).

8. "[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* (NOPSI), 491 U.S. 350, 368 (1989).

9. ***Younger* is non-jurisdictional and waivable.** Whether a district court may invoke *Younger* abstention *sua sponte* is disputed among courts. In the Fifth Circuit, Younger is non-jurisdictional, and an **unraised *Younger* issue** may **be treated as not before the court**. *Universal Amusement Co., Inc. v. Vance*, 587 F.2d 159, 163 n.6 (5th Cir. 1978) (en banc). The Fifth Circuit's modern en banc treatment of Younger is in *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022) (en banc), and *Daves v. Dallas County*, 64 F.4th 616 (5th Cir. 2023) (en banc). *Daves* (en banc) quotes Sprint's reminder that, "Jurisdiction existing, … a federal court's 'obligation' to hear and decide a case is '**virtually unflagging**,'" and that *Younger* is an "exception to this general rule." *Daves v. Dallas County*, 22 F.4th 522, 547–48 (5th Cir. 2022) (en banc) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). Fifth invoked *Younger* **after** finding that the issue was preserved by the party.

10. Here, no party raised *Younger*, yet t**he district court abstained *sua sponte*—presenting a substantial, nonfrivolous issue for appeal**. Applicant will agree this issue is frivolous only if this court can show him **any authority** expressly ruled that the trial court must

4

advance non-jurisdictional *Younger* issue on its own and rebut all exceptions argument against him, when there is no ongoing state proceeding, a ongoing 2023 RICO suit involving same subject matter, and both parties waived the prudential issue in this 2025 suit.

WHEREFORE, Appellant respectfully requests that the Court grant leave to proceed in forma pauperis on appeal.

Respectfully submitted,

*/s/ Conghua  Yan*
Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
214-228-1886
arnold200@gmail.com

## CERTIFICATE OF SERVICE

I certify that on February 17, 2026, I served a true and correct copy of the foregoing document on all counsel of record via CM/ECF and/or by U.S. Mail, email, and/or certified mail (return receipt requested). I also filed the foregoing document with the United States District Court for the Northern District of Texas, Fort Worth Division, in the above-captioned removed action.

*/s/ Conghua Yan*
Conghua Yan

# Exhibit A

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____ ) | |
| *Plaintiff/Petitioner* ) | |
| v. ) | Civil Action No. |
| _____ ) | |
| *Defendant/Respondent* ) | |

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
**(Short Form)**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:




My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ❒ Yes | ❒ No |
| (b) Rent payments, interest, or dividends | ❒ Yes | ❒ No |
| (c) Pension, annuity, or life insurance payments | ❒ Yes | ❒ No |
| (d) Disability, or worker's compensation payments | ❒ Yes | ❒ No |
| (e) Gifts, or inheritances | ❒ Yes | ❒ No |
| (f) Any other sources | ❒ Yes | ❒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

    4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ .

    5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

    6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

    7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

    8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

    *Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____                             _____*Conghua Yan*_____
                                                                    *Applicant's signature*

                                                                    _____
                                                                           *Printed name*